# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| | Honorable Thomas J. Tucker |
| Lightning Technologies, Inc. | |
| | Case No. 21-41019 |
| Debtor.      / | |
| Karen E. Evangelista, Chapter 7 Trustee, | Adv. Proceeding No. 23-04055 |
| Plaintiff, | |
| v. | |
| BB Invescor I, LLC, | |
| Defendant.      / | |

## BB INVESCOR I, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES

BB Invescor I, LLC (the "Defendant"), by and through undersigned counsel, submits this Answer to the Complaint of Karen E. Evangelista, Chapter 7 Trustee (the "Trustee") of Lighting Technologies, Inc. (the " Debtor"), filed on February 2, 2023 (the "Complaint"), and states and alleges as follows:

## Jurisdiction, Venue, and Parties

## General Allegations

8. The Defendant is informed and believes that the status of the case is as reflected in the Court records, but except as so admitted, denies each and every allegation of paragraph 8 of the Complaint.

9. The Defendant is informed and believes that the status of the case is as reflected in the Court records, but except as so admitted, denies each and every allegation of paragraph 9 of the Complaint.

10. In response to paragraph 10, the Defendant admits.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 11 of the Complaint. To the extent a response is required, the Defendant denies paragraph 11 of the Complaint.

12. In response to paragraph 12, the Defendant admits.

13. In response to paragraph 13, the Defendant only admits that the addendum to BBI Proof of Claim (the "Addendum") states that the Defendant filed a UCC-1 Financing Statement against the Debtor in the State of Delaware on or about January 29, 2021.

14. In response to paragraph 14, the Defendant only admits that the addendum to BBI Proof of Claim (the "Addendum") states that the Defendant filed

a UCC-1 Financing Statement against the Debtor in the State of Michigan on or about October 31, 2020.

15. In response to paragraph 15, the Defendant admits.

16. The allegations contained in Paragraph 16 purport to describe a document and state legal conclusions, and therefore no response is required. To the extent a response is required, the Defendant answers that the document speaks for itself and denies any allegation that goes beyond the document.

17. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 17 of the Complaint. To the extent a response is required, the Defendant denies paragraph 17 of the Complaint.

18. The allegations contained in Paragraph 18 purport to describe a document and state legal conclusions, and therefore no response is required. To the extent a response is required, the Defendant answers that the document speaks for itself and denies any allegation that goes beyond the document.

**BBI's Option Agreement**

19. In response to paragraph 19, the Defendant admits.

20. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 20 of the Complaint. To the extent a response is required, the Defendant denies paragraph 20 of the Complaint

21. The allegations contained in Paragraph 21 purport to describe a document and state legal conclusions, and therefore no response is required. To the extent a response is required, the Defendant answers that the document speaks for itself and denies any allegation that goes beyond the document.

22. In response to paragraph 22, the Defendant admits.

23. Paragraph 23 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies the legal conclusions stated in paragraph 23 and denies that the Plaintiff is entitled to the relief requested in the Complaint.

24. In response to paragraph 24, the Defendant admits.

25. The allegations contained in Paragraph 25 purport to describe a document and state legal conclusions, and therefore no response is required. To the extent a response is required, the Defendant answers that the document speaks for itself and denies any allegation that goes beyond the document.

26. The allegations contained in Paragraph 26 purport to describe a document and state legal conclusions, and therefore no response is required. To the extent a response is required, the Defendant answers that the document speaks for itself and denies any allegation that goes beyond the document.

27. The allegations contained in Paragraph 27 purport to describe a document and state legal conclusions, and therefore no response is required. To the

extent a response is required, the Defendant answers that the document speaks for itself and denies any allegation that goes beyond the document. The Defendant denies any the legal conclusions stated in paragraph 27 and denies that the Plaintiff is entitled to the relief requested in the Complaint.

28. The allegations contained in Paragraph 28 purport to describe a document and state legal conclusions, and therefore no response is required. To the extent a response is required, the Defendant answers that the document speaks for itself and denies any allegation that goes beyond the document. The Defendant denies any the legal conclusions stated in paragraph 28 and denies that the Plaintiff is entitled to the relief requested in the Complaint.

29. The allegations contained in Paragraph 29 purport to describe a document and state legal conclusions, and therefore no response is required. To the extent a response is required, the Defendant answers that the document speaks for itself and denies any allegation that goes beyond the document.

30. The allegations contained in Paragraph 30 purport to describe a document and state legal conclusions, and therefore no response is required. To the extent a response is required, the Defendant answers that the document speaks for itself and denies any allegation that goes beyond the document.

31. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 31 of the Complaint. To the extent a response is required, the Defendant denies paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies the legal conclusions stated in paragraph 32 and denies that the Plaintiff is entitled to the relief requested in the Complaint.

33. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 33 of the Complaint. To the extent a response is required, the Defendant denies paragraph 33 of the Complaint.

34. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 34 of the Complaint. To the extent a response is required, the Defendant denies paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies the legal conclusions stated in paragraph 35 and denies that the Plaintiff is entitled to the relief requested in the Complaint.

36. The allegations contained in Paragraph 36 purport to describe a document and state legal conclusions, and therefore no response is required. To the

extent a response is required, the Defendant answers that the document speaks for itself and denies any allegation that goes beyond the document.

37. The allegations contained in Paragraph 37 purport to describe a document and state legal conclusions, and therefore no response is required. To the extent a response is required, the Defendant answers that the document speaks for itself and denies any allegation that goes beyond the document.

38. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 38 of the Complaint. To the extent a response is required, the Defendant denies paragraph 38 of the Complaint.

39. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 39 of the Complaint. To the extent a response is required, the Defendant denies paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies the legal conclusions stated in paragraph 40 and denies that the Plaintiff is entitled to the relief requested in the Complaint..

41. In response to paragraph 41, the Defendant admits.

42. In response to paragraph 42, the Defendant denies.

43. In response to paragraph 43, the Defendant denies.

## COUNT I:

# AVOIDANCE OF SECURITY INTEREST PURSUANT TO TO 11 U.S.C. § 547, RECOVERY UNDER 11 U.S.C. §550, AND PRESERVATION OF THE AVOIDED SECURITY INTEREST FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 U.S.C. § 551

44. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 43 above.

45. Paragraph 45 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies the legal conclusions stated in paragraph 45 and denies that the Plaintiff is entitled to the relief requested in the Complaint.

46. Paragraph 46 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies the legal conclusions stated in paragraph 46 and denies that the Plaintiff is entitled to the relief requested in the Complaint.

47. Paragraph 47 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies the legal conclusions stated in paragraph 47 and denies that the Plaintiff is entitled to the relief requested in the Complaint.

48. Paragraph 48 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies the legal conclusions stated in paragraph 48 and denies that the Plaintiff is entitled to the relief requested in the Complaint.

49. Paragraph 49 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies the legal conclusions stated in paragraph 49 and denies that the Plaintiff is entitled to the relief requested in the Complaint.

50. Paragraph 50 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies the legal conclusions stated in paragraph 50 and denies that the Plaintiff is entitled to the relief requested in the Complaint.

51. Paragraph 51 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies that the Plaintiff is entitled to the relief requested in the Complaint.

52. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 52 of the Complaint. To the extent a response is required, the Defendant denies paragraph 52 of the Complaint.

53. In response to paragraph 53 of the Complaint, the Defendant denies paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies the legal conclusions stated in paragraph 54 and denies that the Plaintiff is entitled to the relief requested in the Complaint.

55. In response to paragraph 55 of the Complaint, the Defendant denies paragraph 55 of the Complaint.

56. In response to paragraph 56 of the Complaint, the Defendant denies paragraph 56 of the Complaint.

57. In response to paragraph 57 of the Complaint, the Defendant denies paragraph 57 of the Complaint.

58. In response to paragraph 58 of the Complaint, the Defendant denies paragraph 58 of the Complaint.

## COUNT II:
## OBJECTION TO BBI PROOF OF CLAIM

59. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 58 above.

60. In response to paragraph 60 of the Complaint, the Defendant denies paragraph 60 of the Complaint.

61. In response to paragraph 61 of the Complaint, the Defendant denies paragraph 61 of the Complaint.

62. The allegations contained in Paragraph 62 purport to describe a document and state legal conclusions, and therefore no response is required. To the extent a response is required, the Defendant answers that the document speaks for itself and denies any allegation that goes beyond the document.

63. In response to paragraph 63 of the Complaint, the Defendant denies paragraph 63 of the Complaint.

64. The allegations contained in Paragraph 64 purport to describe a document and state legal conclusions, and therefore no response is required. To the extent a response is required, the Defendant answers that the document speaks for itself and denies any allegation that goes beyond the document.

65. Paragraph 65 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies the legal conclusions stated in paragraph 65 and denies that the Plaintiff is entitled to the relief requested in the Complaint.

66. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 66 of the Complaint. To the extent a response is required, the Defendant denies paragraph 66 of the Complaint.

67. The allegations contained in Paragraph 67 purport to describe a document and state legal conclusions, and therefore no response is required. To the extent a response is required, the Defendant answers that the document speaks for itself and denies any allegation that goes beyond the document.

68. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 68 of the Complaint. To the extent a response is required, the Defendant denies paragraph 68 of the Complaint.

69. The allegations contained in Paragraph 69 purport to describe a document and state legal conclusions, and therefore no response is required. To the extent a response is required, the Defendant answers that the document speaks for itself and denies any allegation that goes beyond the document.

70. Paragraph 70 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies the legal conclusions stated in paragraph 70 and denies that the Plaintiff is entitled to the relief requested in the Complaint.

71. In response to paragraph 71 of the Complaint, the Defendant denies paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint contains statements and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies paragraph 72 of the Complaint.

**WHEREFORE**, based upon the foregoing, the Plaintiff has no claim against the Defendant. The Defendant requests that the Court deny all of the Plaintiff's requests for relief and award the Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

# AFFIRMATIVE DEFENSES

73. Without conceding that the Defendant has the burden of proof on any of the issues below, the Defendant asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

74. The Plaintiff is barred from recovering the alleged preferential transfers pursuant to 11 U.S.C. § 547 (the "Preferential Transfers") to the extent that the Preferential Transfers were:

 (A) in payment of a debt or debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and the Defendant;

 (B) made in the ordinary course of business or financial affairs of the Debtor and the Defendant, or

 (C) made according to ordinary business terms.

75. Pursuant to 11 U.S.C. § 547(c)(2) such Preferential Transfers are not avoidable by the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

76. The Plaintiff is barred from recovering to the extent that the Preferential Transfers were:

(A) intended by the Debtor and the Defendant to whom, or for whose benefit, such Transfers were made to be a contemporaneous exchange for new value given to the Debtor; and

(B) in fact were substantially contemporaneous exchange(s).

77. Pursuant to 11 U.S.C. § 547(c)(1) such Preferential Transfers are not avoidable by the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

78. The Plaintiff is barred from recovering to the extent that the Preferential Transfers were to or for the benefit of the Defendant, to the extent that, after such transfer, the Defendant gave new value to or for the benefit of the Debtor.

(A) not secured by an otherwise unavoidable security interest; and

(B) on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

79. Pursuant to 11 U.S.C. § 547(c)(4) such Preferential Transfers are not avoidable by the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

80. The Plaintiff is barred from recovering the alleged Preferential Transfers pursuant to 11 U.S.C. § 547 because at all times relevant to the matters complained of the Debtor and all subsidiaries were solvent and were not rendered

insolvent or left with unreasonably small capital as a result of any transactions with the Defendant. Consequently, the Defendant's claims may not be disallowed.

## FIFTH AFFIRMATIVE DEFENSE

81. The Plaintiff is barred from recovering, in whole or in part, by the doctrines of laches, or waiver and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

82. The Defendant denies these allegations to the extent that the Defendant has a conduit defense or earmarking defense.

## SEVENTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims are barred by all applicable state and federal statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

84. The claims of the Plaintiff are barred, in whole or in part, pursuant to 11 U.S.C. § 550 (b) by reason that Defendant, to the extent it took any Preferential Transfers, took the alleged transfers for value, in good faith and without knowledge of the avoidability of the alleged transfers.

## NINTH AFFIRMATIVE DEFENSE

85. The Defendant reserves its right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court and does not consent to the entry of final orders by the Bankruptcy Court.

## TENTH AFFIRMATIVE DEFENSE

86. The Defendant was subrogated in the rights of the Debtor's creditors to the extent of any amount paid towards the Debtor's debts to said creditors.

## ELEVENTH AFFIRMATIVE DEFENSE

87. The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend its answer to assert any such defenses. The assertion of the above defenses by Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiff may have in connection with the claims asserted in the Complaint.

**JURY TRIAL IS DEMANDED AS TO ALL ALLEGATIONS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS, IF ANY.**

**Prepared By:**

**JONES & ASSOCIATES**
By: *Roland Gary Jones*
Roland Gary Jones, Esq.
1325 Avenue of the Americas
28th Floor
New York, NY 10019
Tel: (347) 862-9254
Fax: (212) 202-4416
Email: rgj@rolandjones.com
*Pro Hac Vice Application to be filed*
*Counsel for the Defendant*

**Respectfully submitted,**

**TAFT STETTENIUS & HOLLISTER, LLP**

Dated: March 6, 2023

By: /s/ Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
kclayson@taftlaw.com

*Local Counsel for the Defendant*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| | Honorable Thomas J. Tucker |
| Lightning Technologies, Inc. | |
| | Case No. 21-41019 |
| Debtor.                              / | |
| Karen E. Evangelista, Chapter 7 Trustee, | Adv. Proceeding No. 23-04055 |
| Plaintiff, | |
| v. | |
| BB Invescor I, LLC, | |
| Defendant.                              / | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2023, my office caused to be served a copy of the **BB Invescor I, LLC's Answer And Affirmative Defenses** and this **Certificate of Service** by using the Court electronic filing system which will send notification of such filing to all parties listed on the ECF list in the above-captioned case.

|  | **Taft Stettinius & Hollister LLP** |
|---|---|
|  | By: /s/Kimberly Ross Clayson |
|  | Kimberly Ross Clayson (P69804) |
|  | 27777 Franklin Road, Suite 2500 |
|  | Southfield, Michigan 48034 |
|  | Phone: (248) 351-3000 |
|  | kclayson@taftlaw.com |
| Dated: March 6, 2023 | *Local Counsel for the Defendant* |